Howry, J.,
delivered the opinion of the court:
The question in this case is whether a naval constructor in the navy is entitled to the rate of pay allowed such officers by the statutes which provide pay “ when on duty; ” or “ when on leave or waiting orders.” Otherwise, a*id more fully stated, it is whether a naval constructor shall be paid full duty pay; or on leave or waiting orders pay whilst absent from his station at his own request and charged with no duties or responsibilities.
Section 1556 of the Revised Statutes provides pay for naval constructors as follows: “ Naval constructors, during the first five years after date of appointment, when on duty, three thousand two hundred dollars; on leave, or waiting-orders, two thousand two hundred dollars; * * *.”
Article 1177, Navy Regulations, provides that “ a temporary leave of absence does not detach an officer from duty nor affect his rate of pay.”
The findings show that plaintiff being on active duty at New Orleans, La., was directed to proceed to Washington, D. C., for examination preliminary to promotion to the grade of naval constructor, and when discharged by the boards he was to return to his station and resume “ present ” duties. *417 When discharged from the examination, he received an order, pursuant to his application for such an order, authorizing him to delay return to his station. His leave was further extended in compliance with his • subsequent request. The claim is that the officer’s absence from duty was of such a temporary character as did not, under the law, interrupt the duty status.
The contention of the claimant is that duty pay on vacation has always been allowed under the Navy Eegulations. The argument fully summed up is that prior to the enactment of the navy personnel act, Match 8, 1899, different rates of pay were prescribed for all officers of the navy both of the line and of the staff corps when on duty and when “ on leave or waiting orders.” For most officers there was also a difference between the rate of pay for sea duty and for shore duty. That by the thirteenth section of the personnel act (30 Stat. L., 1007) it was provided that officers of the line and of the Medical and Pay Corps should thereafter receive the same pay and allowances as the officers of corresponding rank in the army. The officers of other corps of the navy remained entitled to the old rates of pay fixed by section 1556 of the Eevised Statutes. That prior to the passage of the personnel act it had been the custom and practice of the department to allow to all officers of the navy who were on duty a leave of absence to an amount in the discretion of the Secretary of the Navy without any reduction of pay where the officer was in the regular performance of his duty and was not detached therefrom by the leave so granted. This custom was recognized and provided for by article 1168 of the Navy Eegulations of 1896: “A temporary leave of absence does not detach an officer from duty nor affect his rate of pajU’ In other words, the rate of pay provided by section 1556 for an officer “ when on leave or waiting orders ” was regarded as applicable to an officer who was placed on leave or directed to await orders for a period of considerable length, or for an indefinite period, and who was charged with no duties. That it was never treated as intended to apply to the customary vacation granted for a reasonable time determined by the Secretary of the Navy to *418 officers in the performance of regular duties, and ought not to be overturned to the detriment of the few officers of the navy who remain entitled to pay under the old provisions of section 1556 of the Revised Statutes.
From the foregoing contentions it would appear that naval constructors are not entitled to army pay under the navy personnel act like other naval officers. But passing this as a decisive issue, we go to the claim for duty pay under the navy regulations on the merits involved in the character of the leave of absence and dispose of the case upon that phase of the matter alone.
Unquestionably there are leaves of absence which do not relieve from duty. There must be absences in both army and navy which can not change the rate of pay. Departmental constructions of statutes being only expressive of the law necessary to be carried into effect by regulations, it was well said by the Comptroller that the regulations appealed to in this case may be interpreted to harmonize with the law, because it may properly be held to mean that during such temporary leave of absence that shall not detach an officer from duty the pay shall not be reduced. But we do not understand that there has been any such interpretation of this regulation as will admit of duty pay for a temporary leave of absence obtained for a naval constructor’s convenience and pleasure at his own request and presumably for his own benefit. Such absence so interrupts the duty status as to interfere with the continuance of duty pay. Under such circumstances the leave of absence does detach an officer from duty, and if there be any different contemporaneous construction, as claimed by counsel, such construction can not have the effect of enabling such naval constructor to draw duty pay when in fact he performs no duty and has no responsibility during such temporary absence.
Regulations may supplement a statute, but can not supersede it. If inconsistent or in conflict with the law upon the same subject, a departmental regulation is void. (United States v. Symonds, 120 U. S., 46.) Any construction that would carry duty pay under the circumstances set forth in the findings would be the equivalent of legislation.
Petition dismissed.