Booth, J.,
delivered the opinion of the court:
This is the claim of an assistant naval constructor for two months’ duty pay while absent on sick leave. The claimant was taken sick on October 2, 1904, while on duty at the New York Navy Yard, and placed in the New York Naval Hospital, where he received medical treatment until January 16, 1905, when he was discharged. On January 9, 1905, upon the recommendation of a board of medical survey he *58 was by proper orders granted sick leave of absence for two months from January 16,1905. While in the hospital claimant received full duty pay, and for the subsequent time of two months spent by him in Florida, manifestly recuperating from his illness, he also received full duty pay. Section 1556, Revised Statutes, makes a distinction in amount from $2,600, duty pay, to $1,900, leave or waiting orders pay, respecting assistant naval constructors. Article 1177, Navy Regulations, provides that in cases of temporary absence an officer is not detached from duty nor his rate of pay affected.
The accounting officers acting under the foregoing statute and regulation subsequently deducted from claimant’s pay the difference above indicated, for which amount the claimant sues.
The issue in most respects is identical with the case of Roberts v. United States (44 Ct. Cls. R., 411). It is true that in the Roberts ease the claimant asked for and was granted leave of absence and the same was a matter of personal convenience for personal benefit, but it is hardly probable that this case can escape the former ruling upon this ground alone. Was the absence of such a temporary character as the statute and the regulations contemplate ? Could the claimant, in the very nature of things, be considered in a duty status ? He was away from his station, disconnected entirely therefrom, with no duties to attend in connection therewith; his leave was in a measure for his benefit to enable him to fully recover his health. While not formally detached from the service by express order, it can be seen at a glance that he was in fact detached, doing no duty of a military character whatever.
The Comptroller of the Treasury considered the case, and in an exhaustive opinion ruled adversely to claimant’s contention. In discussing article 1177 of the Navy Regulations, he said:
“ It was held by this office (11 Con. Dec., 577) that a leave of two days may be taken without affecting the rate of pay, as an officer’s services might be dispensed with for one or two days, because during such leave he could hardly separate himself so far from his vessel or station as not to be within *59 recall if needed, and that on such leave he was not practically relieved from duty. But to hold that an officer on leave, as in this case, for two months and the leave spent nearly a thousand miles from his station does not place the officer in a leave status and entitle him to leave pay, would only be to nullify the statute fixing the rate of pay. The auditor’s action in disallowing the claim is approved.”
The petition is dismissed. It is so ordered.